## M. D. HOLMAN V. THE STATE.

No. 10167.   Delivered May 12, 1926.

**Rape—Requested Charge—Erroneously Refused.**

Where, on a trial for rape 'of a female under the age of eighteen years, appellant requested a special charge to the effect that if the jury found that prosecutrix was more than fifteen years of age, and was not of previous chaste character, to acquit the defendant. This charge, or the issue presented in same, should have been given, and its refusal necessitates a reversal of the case. See Art. 1183 of Revised P. C. of 1925. Following Tyler v. State, 46 Tex. Crim. Rep. 10.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction of rape of a female under the age of consent, penalty five years in the penitentiary.

The opinion states the case.

*Virgil R. Parker* and *Clarence Parker* of Fort Worth, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is rape, and the punishment is five years in the penitentiary.

The indictment charges that the appellant had carnal knowledge of prosecutrix, a female under the age of eighteen years, and not being the wife of the appellant.

Prosecutrix testified that she was but twelve years of age and there was other testimony corroborating her to this effect. Her testimony further showed that the act of penetration took place without her consent, but we think it clear from the record that such force is not shown as was necessary to overcome all resistance; in other words, we conclude from the testimony that the issue of rape by force was not established by the testimony, and the trial court evidently took this view of the case, as he only submitted the question of rape by consent.

The appellant's testimony is entirely sufficient to raise the issue that the prosecutrix was of unchaste character at the time of the alleged rape, and it is also sufficient to raise the issue that she was more than fifteen years of age at the time the offense is alleged to have been committed.

The only question that we deem it necessary to discuss is as

to the action of the court in refusing to give the substance of appellant's special charge No. 3. In this charge the appellant sought to have the jury instructed that in the event they did not find beyond a reasonable doubt that the prosecutrix was under 15 years of age at the time of the alleged offense that they the jury must find beyond a reasonable doubt that the said prosecutrix was of chaste character at said time before the defendant could be convicted. Art. 1183 of the 1925 Revision of the P. C. provides in effect that rape is constituted by carnal knowledge of a female under the age of eighteen years, other than the wife of the person with or without her consent, with or without the use of force, threats or fraud and provided that if she is fifteen years of age or over, the defendant may show in consent cases, that she was not of previous chaste character as a defense.

The court nowhere in his charge submitted the last quoted provision of the statute to the jury. On the contrary he simply told the jury that if they found from the evidence beyond a reasonable doubt that on the 23rd day of April, 1925, in the County of Tarrant and State of Texas, M. D. Holman had carnal knowledge of Henrietta Jefferson with or without her consent, with or without the use of force, threats or fraud and that she was a female and that she was not his wife and that she was under the age of eighteen years then to find the defendant guilty of the offense as charged and assess his punishment at death or by confinement in the penitentiary for a period of years not less than five.

We are of the opinion that the learned trial judge fell into error in not submitting for the determination of the jury the question of the previous chaste character of the prosecuting witness, for as above stated there was ample evidence raising the issues both that she was more than fifteen years of age and that she was of unchaste character. The special charge offered, while perhaps not an accurate statement of the law was, we think entirely sufficient to call the court's attention to his omission to submit this issue. Tyler v. State, 46 Texas Crim. Rep. 10.

For the error of the court above discussed, we are of the opinion that the judgment should be reversed and the cause remanded. *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.